UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL DANNY BLACK, II,<br><br>  Plaintiff,<br><br>  v.<br><br>KURT DAVID VAN SCIVER, et al.,<br><br>  Defendants. | No. 1:16-cv-00841-DAD-JLT<br><br>ORDER GRANTING MOTION TO DISMISS<br><br>(Doc. No. 2) |

Plaintiff, who is proceeding *pro se*, filed this action on June 17, 2016 against defendants Kurt Van Sciver, Terry McNally, Lorna Hislop Brumfield, and John Gschwend. (Doc. No. 1.)[1] Defendant Van Sciver filed a motion to dismiss on July 15, 2016. (Doc. No. 2.) Plaintiff filed a "response and cross-movement to strike" on July 27, 2016, which the court deems to be plaintiff's opposition of the motion to dismiss. (Doc. No. 3.) Defendant Van Sciver filed a reply on August 9, 2016. (Doc. No. 3.) A hearing was held on August 16, 2016, with plaintiff appearing telephonically on behalf of himself, and attorney Sebastien Bauge appearing on behalf of defendant Van Sciver. As discussed below, this court does not have subject matter jurisdiction over this complaint and the action will, therefore, be dismissed.[2]

---

[1] The complaint and attachments thereto number three hundred and forty-six pages.

[2] Defendants McNally, Brumfield, and Gschwend have not yet appeared in this matter, as summonses were not issued until August 15, 2016. (Doc. No. 6.) Nevertheless, because this

1

**Background**

From what the court can discern from the filings before it and what was represented at oral argument on the pending motion to dismiss, defendant Van Sciver is an attorney who represented defendant Gschwend in a state court action before the Kern County Superior Court. Defendant McNally is a clerk of that court, and defendant Brumfield was the Kern County Superior Court Judge presiding over the state court action. The state court matter appears to have been a contract dispute related to the rental of a house owned by defendant Gschwend. Although not entirely clear from plaintiff's complaint, it also appears that Gschwend rented the home to a Theresa Moore who in turn assigned that lease to others including plaintiff Carl Black. Thereafter, defendant Gschwend alleged that he was not being paid the agreed upon rent and eventually he regained possession of the home through eviction proceedings. In his state court action defendant Gschwend sought the award of damages for past due rent, damage to the property, costs incurred in the eviction proceedings and the award of attorney's fees and costs.

Plaintiff's complaint filed with this federal court seeks review of the state court proceedings by way of the Administrative Procedure Act ("APA"). Specifically, plaintiff asserts the following seven claims in this action.

First, plaintiff alleges that although he received a summons in the state court case, there was "no autograph or Court Seal," making it "void of any lawful authority," because it violated Federal Rule of Civil Procedure 4. (Doc. No. 1 at 3.) Plaintiff also alleges that when he viewed the court file and obtained a certified copy of that summons, it had a seal and the appropriate signatures. (Doc. No. 1 at 4.) Based on these allegations, plaintiff claims defendants committed mail fraud, extortion, and conspiracy, in violation of 18 U.S.C. § 1341, *et seq.*, 18 U.S.C. § 871,

---

court does not have subject matter jurisdiction, *sua sponte* dismissal is proper as to these defendants as well, notwithstanding the fact that they have not yet appeared. *See Abagninin v. AMVAC Chemical Corp.*, 545 F.3d 733, 742–43 (9th Cir. 2008) ("[W]e have upheld dismissal with prejudice in favor of a party which had not appeared, on the basis of facts presented by other defendants which had appeared."); *Silverton v. Dep't of Treasury*, 644 F.2d 1341, 1345 (9th Cir. 1981) ("A [d]istrict [c]ourt may properly on its own motion dismiss an action as to defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants.").

*et seq.*, 18 U.S.C. § 371, respectively, as well as 18 U.S.C. § 1512 (tampering with a witness) and 18 U.S.C. § 242 (the criminal counterpart to 42 U.S.C. § 1983).  (Doc. No. 1 at 5.)

Second, plaintiff claims that he alleged in the state court case defendant Van Sciver breached his fiduciary duty toward his own client, defendant Gschwend.  (Doc. No. 1 at 6.) According to plaintiff, the state court erroneously exercised jurisdiction and disregarded his challenge to attorney Van Sciver's conduct.  (Doc. No. 1 at 6.)  Plaintiff alleges that in this way the state court violated 18 U.S.C. § 871, *et seq.*, 18 U.S.C. § 371, and 18 U.S.C. § 1512.  (Doc. No. 1 at 7.)

Third, plaintiff alleges the state court rejected his filings in that action, noting they did not contain any legally recognized arguments that the court could consider and that he had "submitted four lengthy and incomprehensible documents."  (Doc. No. 1 at 7–8.)  Plaintiff alleges that the state courts order in this regard violated the holdings in *Haines v. Kerner*, 404 U.S. 519 (1972) (holding the Rule 12(b)(6) dismissal of *pro se* complaints is inappropriate unless it is "beyond doubt that plaintiff can prove no set of facts" which would entitle him to relief), *Estelle v. Gamble*, 429 U.S. 97 (1976) (setting out the Eighth Amendment's deliberate indifference standard), *McNeil v. United States*¸ 508 U.S. 106 (1993) (requiring a claimant to exhaust administrative remedies before filing suit under the Federal Tort Claims Act), *Baldwin County Welcome Center v. Brown*, 466 U.S. 147 (1984) (enforcing procedural requirements for filing suit under Title VII), and *Hughes v. Rowe*, 449 U.S. 5 (1980).  (Doc. No. 1 at 8.)  Moreover, plaintiff claims that the state court in this way also violated 18 U.S.C. §§ 2076 (a U.S. District Court clerk may not "willfully refuse[ ] or neglect[ ] to make or forward" documents as required by law), 1512 (tampering with a witness), and 2071 (mutilating a court record).

Fourth, plaintiff claims defendant Van Sciver should have been terminated and sanctioned in the state court case under 28 U.S.C. § 1927 (allowing the award of costs against counsel who "so multiples the proceedings in any case unreasonably and vexatiously"), because he filed a document after plaintiff had alleged defendant Van Sciver breached his fiduciary duty to defendant Gschwend.

/////

Fifth, plaintiff seeks a "lawful determination . . . as to any Lawful Contract," noting neither he, nor Delana Erica Black, Carmen Portillo or Fernando Portillo[3] are parties to a lease contract apparently in dispute in the underlying state court case. (Doc. No. 1 at 10.)

Sixth, plaintiff asserts defendant Van Sciver violated the rules of professional conduct and seeks "a lawful determination . . . as to any Conflict of interest, unethical conduct" in the state court case. (Doc. No. 1 at 14–15.)

Finally, plaintiff asserts that one of the exhibits submitted with his complaint is his "Affidavit of Truth" which "has been defaulted by proof of file stamp by the clerk of the court Terry McNally." (Doc. No. 1 at 15.) Plaintiff asks:

> Is it not true that: 1. All men are equal under the law? 2. Truth is expressed in the form of an affidavit? 3. An unrebutted affidavit stands as truth in commerce? 4. An unrebutted affidavit becomes judgement [sic] in commerce? 5. Is it not true that Kurt David Van Sciver SBN 263957 is/has interfered with commerce?

(Doc. No. 1 at 15.) Plaintiff requests a "lawful determination" with respect to his inquiry. (Doc. No. 1 at 15.)

Defendant Van Sciver moves to dismiss plaintiff's complaint on three separate grounds: (1) the court lacks subject matter jurisdiction over this dispute; (2) plaintiff has no statutory standing to bring suit under the APA; and (3) the complaint fail to state a cognizable claim. (Doc. No. 1 at 2.) For the reasons set forth below, the court concludes that it lacks subject matter jurisdiction over this matter and that the complaint must be dismissed. Accordingly, the court declines to reach the other two arguments presented by defendant Van Sciver.

**Legal Standard**

Federal courts are courts of limited subject matter jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "It is to be presumed that a cause lies outside this

---

[3] Plaintiff is proceeding *pro se* and is the sole plaintiff named in the complaint. None of these other individuals is named as a plaintiff in the complaint and, as a pro se litigant, plaintiff may not represent them. *See Darden v. Indymac Bancorp, Inc.*, Case No. CIV S-09-2970 JAM DAD PS, 2009 WL 5206637, *2 (E.D. Cal. Dec. 23, 2009) ("Litigants are not permitted to be represented by non-lawyers.") (citing *Johns v. County of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997), *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987), *United States v. Kelley*, 539 F.2d 1199 (9th Cir. 1976), and *McShane v. United States*, 366 F.2d 286, 288 (9th Cir. 1966)).

limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (citations omitted). "If jurisdiction is lacking at the outset, the district court has no power to do anything with the case except dismiss." *Morongo Band of Mission Indians v. California State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988) (quotations and citation omitted). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Aside from cases based on diversity jurisdiction,[4] district courts have original jurisdiction in matters involving questions of federal law. 28 U.S.C. § 1331. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citing *Gully v. First Nat'l Bank*, 299 U.S. 109, 112–13 (1936)). Generally, a federal court has jurisdiction under 28 U.S.C. § 1331 even where some constructions of the statute or law at issue would find the plaintiff does not state a claim for relief. *Bell v. Hood*, 327 U.S. 678, 685 (1946) ("[T]he right of the petitioners to recover under their complaint will be sustained if the Constitution and laws of the United States are given one construction and will be defeated if they are given another. For this reason the district court has jurisdiction."). Only where an alleged claim "clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous" should a complaint be found jurisdictionally deficient. *Id.* at 682–83.

**Analysis**

As discussed above, the factual scenario underlying plaintiff's complaint pending before this court is unclear in its details. Nonetheless, it appears from the submitted papers and

---

[4] By statute, district courts may hear cases sounding in state law when there is diversity of citizenship among the parties and more than $75,000 is at issue. 28 U.S.C. § 1332. This requires complete diversity between all plaintiffs and all defendants. *Lincoln Property Co. v. Roche*, 546 U.S. 81, 89 (2005). Here, it is apparent that the parties are not diverse: plaintiff is presumably a California resident, since he lists a Bakersfield address, and at least one of the defendants—such as the Kern County Superior Court Judge and/or the court clerk—are presumably California residents as well. Therefore, diversity jurisdiction is not present in this case.

statements made at oral argument that plaintiff's lawsuit is based on the Kern County Superior Court's exercise of its jurisdiction in another action relating to a home rental/contract dispute. It also appears that plaintiff was not a party to the rental agreement that was the subject of that dispute. The only bases for federal question jurisdiction invoked by plaintiff is the APA and the many federal criminal statutes he has cited in his complaint.[5]

The APA allows persons "adversely affected or aggrieved" by the action of an agency to file suit on that basis. 5 U.S.C. § 702. However, "[b]y its own terms, the APA does not apply to state agencies." *Southwest Williamson Cty. Cmty. Ass'n, Inc. v. Slater*, 173 F.3d 1033, 1035 (6th Cir.1999). *See also Hunter v. Underwood*, 362 F.3d 468, 477 (8th Cir. 2004) ("The APA does not grant federal courts jurisdiction to review actions of state or municipal agencies."); *Gilliam v. Miller*, 973 F.2d 760, 764 (9th Cir. 1992) (declining review under the APA because the defendant was acting in a state, not a federal, capacity). Further, the APA does not generally permit review of the decisions of other courts. *See* 5 U.S.C. § 701(b)(1)(B) (excluding "the courts of the United States" from the definition of the term "agency" in the APA). Therefore, the APA simply does not allow for federal judicial review of the determination of a state court within a matter before it. It therefore cannot form the basis for subject matter jurisdiction over the instant dispute.

Since the APA provides no basis for federal subject matter jurisdiction here, the court turns to the federal criminal statutes, including 18 U.S.C. §§ 242, 371, 871 *et seq.*, 1341 *et seq.*, 1512, 2071, and 2076, invoked by plaintiff in his complaint. None of these criminal statutes contains an express provision creating a private civil cause of action. Therefore, the court must evaluate whether the creation of a civil cause of action can be implied in them.

The Supreme Court has set out the questions implicated in determining whether a private remedy is implicit in a criminal statute not expressly providing for one:

> First, is the plaintiff one of the class for whose especial benefit the
> statute was enacted—that is, does the statute create a federal right

---

[5] To the extent plaintiff is attempting to seek review of the state court's orders by this federal court, subject matter jurisdiction is lacking in this court over such a claim. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Worldwide Church of God v. McNair*, 805 F.2d 888, 893 n. 3 (9th Cir.1986) (*Feldman* applies to state court judgments even though state court appeals not final).

>in favor of the plaintiff? Second, is there any indication of legislative intent, explicit or implicit, either to create such a remedy or to deny one? Third, is it consistent with the underlying purposes of the legislative scheme to imply such a remedy for the plaintiff? And finally, is the cause of action one traditionally relegated to state law, in an area basically the concern of the States, so that it would be inappropriate to infer a cause of action based solely on federal law?

*Cort v. Ash*, 422 U.S. 66, 78 (1975) (citations omitted). "Clearly, provision of a criminal penalty does not necessarily preclude implication of a private cause of action for damages." *Id.* at 79. However, in cases where a criminal statute has been the basis for civil liability, there has been some "statutory basis" for inferring one, rather than "a bare criminal statute, with absolutely no indication that civil enforcement of any kind was available to anyone." *Id.* at 79–80. The Supreme Court has suggested a cause of action *could* be inferred from a criminal statute for which there is no explicit textual support or any evidence in the legislative history. *See id.* at 80; *see also Transamerica Mortg. Advisors, Inc. (TAMA) v. Lewis*, 444 U.S. 11, 15–16 (1979) (commenting that even absent an explicit provision or any evidence in the legislative history of a private cause of action, a cause of action can be inferred from "the language or structure of the statute, or in the circumstances of its enactment"). *But see Alexander v. Sandoval*, 532 U.S. 275, 286–87 (2001) ("The judicial task is to interpret the statute Congress has passed to determine whether it displays an intent to create not just a private right but also a private remedy. Statutory intent on this latter point is determinative.").

      Here, plaintiff makes no showing as to why the court should find an implied right to bring a civil action on the basis of these criminal statutes. The majority of published decisions found by the court have declined to find a private civil cause of action created by a bare criminal statute. *See, e.g.*, *Wisdom v. First Midwest Bank*, 167 F.3d 402, 408–09 (8th Cir. 1999) (no private cause of action under 18 U.S.C. §§ 1341, 1343, and 1951); *Ryan v. Ohio Edison Co.*, 611 F.2d 1170, 1178–79 (6th Cir. 1979) (no private cause of action under 18 U.S.C. § 1341); *Rockefeller v. U.S. Ct. of Appeals Office*, 248 F. Supp. 2d 17, 23 (D.D.C. 2003) (no private cause of action under 18 U.S.C. §§ 242 and 371); *Scherer v. United States*, 241 F. Supp. 2d 1270, 1285 (D. Kan. 2003) (no private cause of action under 18 U.S.C. § 208); *Barrett v. City of Allentown*, 152 F.R.D. 50, 56

7

1  (E.D. Pa. 1993) (no private cause of action under 18 U.S.C. §§ 1341, 1951, 1952, 1956, and

2  1957); *Winslow v. Romer*, 759 F. Supp. 670, 674 (D. Colo. 1991) (no private cause of action

3  under 18 U.S.C. §§ 2071 and 3109); *Michelson v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*,

4  669 F. Supp. 1244, 1254 (S.D.N.Y. 1987) (no private cause of action under 18 U.S.C. § 1371);

5  *Creech v. Fed. Land Bank of Wichita*, 647 F. Supp. 1097, 1099–100 (D. Colo. 1986) (no private

6  cause of action under 18 U.S.C. §§ 1341 and 1951).

7  Plaintiff has shown no reason to imply a private cause of action under any of the criminal

8  statutes cited in his complaint.

**Leave to Amend**

10  The undersigned has carefully considered whether plaintiff may amend his complaint to

11  state a claim that would provide this court with subject matter jurisdiction. "Valid reasons for

12  denying leave to amend include undue delay, bad faith, prejudice, and futility." *California*

13  *Architectural Bldg. Prod. v. Franciscan Ceramics*, 818 F.2d 1466, 1472 (9th Cir.1988). *See also*

14  *Klamath–Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau*, 701 F.2d 1276, 1293 (9th Cir.1983)

15  (holding that while leave to amend shall be freely given, the court does not have to allow futile

16  amendments).

17  Here, in light of the nature of plaintiff's allegations and the apparently clear lack of

18  subject matter jurisdiction over plaintiff's claims, the court believes that any amendment would

19  likely be futile. Nonetheless, out of an abundance of caution and in light of plaintiff's pro se

20  status, leave to file an amended complaint will be granted. *See Franklin v. Murphy*, 745 F.2d

21  1221, 1228 (9th Cir.1984) (the complaint of a pro se plaintiff may be dismissed "only where 'it

22  appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which

23  would entitle him to relief.'") (quoting *Haines v. Kerner*, 404 U.S. 519, 521 (1972); *Weilburg v.*

24  *Shapiro*, 488 F.3d 1202, 1205 (9th Cir.2007) ("Dismissal of a pro se complaint without leave to

25  amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be

26  cured by amendment.") (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1203–04 (9th Cir.1988)).

27  Plaintiff is cautioned, however, that any amended complaint he elects to file must address

28  and cure the deficiencies noted above. Moreover, if plaintiff elects to file an amended complaint

in this action "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S.662, 678 (2009). "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." *Id.* at 679. Those facts must be sufficient to push the claims "across the line from conceivable to plausible[.]" *Id.* at 680 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).

The minimum requirements for a civil complaint in federal court are as follows:

> A pleading which sets forth a claim for relief ... shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends ..., (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

Fed. R. Civ. P. 8(a).

Plaintiff is also reminded that the court cannot refer to a prior pleading in order to make an amended complaint complete. Local Rule 220 requires that any amended complaint be complete in itself without reference to prior pleadings. The second amended complaint will supersede the amended complaint just as the amended complaint superseded the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.1967). Thus, in an amended complaint, just as if it were the initial complaint filed in the case, each defendant must be listed in the caption and identified in the body of the complaint, and each claim and the involvement of each defendant must be sufficiently alleged. Any amended complaint which plaintiff may elect to file must also include concise but complete factual allegations describing the conduct and events which underlie his claims.

Finally, because plaintiff's original complaint and attachments thereto were 346 pages in length, the court will impose a thirty-five page limit, including exhibits and attachments, on any amended complaint plaintiff may elect to file.

**Conclusion**

Plaintiff's claims under the APA and the cited federal criminal statutes are "wholly insubstantial and frivolous." *Bell v. Hood*, 327 U.S. 678, 682–83 (1946). It is clear that the court

does not have subject matter jurisdiction over plaintiff's claims as presented in his original complaint.

Accordingly:

1. Defendant Van Sciver's motion to dismiss (Doc. No. 2) is granted and the complaint is dismissed as to all defendants without prejudice and with leave to amend;
2. If plaintiff elects to pursue this action he shall file an amended complaint within twenty one days of the date of this order; and
3. Plaintiff's failure to file an amended complaint within the time provided will result in the dismissal of this action.

IT IS SO ORDERED.

Dated:   **September 1, 2016**　　　　　　　　　　　_Dale A. Drozd_
　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE