1

2

3

4

5

6

7

8                             UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   CARL DANNY BLACK, II,                        No.  1:16-cv-00841-DAD-JLT

12                  Plaintiff,

13        v.                                        ORDER GRANTING MOTIONS TO
                                                    DISMISS
14   KURT DAVID VAN SCIVER, TERRY
     MCNALLY, LORNA HISLOP                          (Doc. Nos. 22, 24)
15   BRUMFIELD, JOHN GSCHWEND and
     COUNTY OF KERN,
16
                  Defendants.
17

18

19          Plaintiff, who is proceeding *pro se* in this action, filed his original complaint on June 17,

20   2016, naming Kurt Van Sciver, Terry McNally, Lorna Hislop Brumfield, and John Gschwend as

21   defendants.  (Doc. No. 1.)  The court dismissed plaintiff's original complaint and, out of an

22   abundance of caution, granted leave to amend.  (Doc. No. 15.)  Plaintiff then filed a first amended

23   complaint ("FAC") on September 20, 2016.[1]  (Doc. No. 16.)

24   _____
     [1]  In its order dismissing with leave to amend, the court imposed a page limit of thirty-five pages,
25   including exhibits and attachments, on any first amended complaint plaintiff elected to file.  (Doc.
     No. 15 at 9.)  The court did so because the initial complaint and attachments were 346 pages in
26   length.  Despite the court's order, plaintiff's FAC itself is forty-four pages in length.  (Doc. No.
     16.)  Nevertheless, because plaintiff is *pro se*, the court has considered the entirety of the FAC.
27   However, plaintiff also submitted three requests for judicial notice, numbering 50, 25 and 36
     pages.  (Doc. Nos. 19, 20, 21.)  The court declines to judicially notice these documents, viewing
28   them as merely a further attempt to circumvent the page limit imposed by the court's prior order.

                                                   1

1    Defendant Van Sciver moved to dismiss the FAC on September 30, 2016.  (Doc. No. 22.)

2  Defendants Brumfield and McNally moved to dismiss the FAC on October 11, 2016.  (Doc. No.

3  24.)  On November 14, 2016, plaintiff filed a document entitled "Cross Motion to Strike 'All' of

4  Consolidated Defendants Motions to Dismiss as Irrelevant FRCP 12(f)."  (Doc. No. 30.)  The

5  court construes this document as plaintiff's untimely opposition to the motions to dismiss.  A

6  hearing was held on November 15, 2016.  Plaintiff appeared at that hearing telephonically on his

7  own behalf, attorney Mario Zamora appeared telephonically on behalf of defendants McNally and

8  Brumfield, and  attorney Sebastien Bauge appeared telephonically on behalf of defendant Van

9  Sciver.

10    For the reasons set forth below, the court again concludes it lacks subject matter

11  jurisdiction and, accordingly, will grant defendants' motions to dismiss and dismiss this action

12  with prejudice.[2]

13                              **Background**

14    The court notes at the outset that plaintiff's FAC does not appear to allege different facts

15  than those alleged in his original complaint which the court dismissed.  As with the original

16  complaint, the FAC is difficult to decipher.  Nonetheless, from the information before the court in

17  the various filed papers and the representations made by the parties at the hearing on the pending

18  motions, the court understands the following.  Defendant Van Sciver is an attorney who

19  represented defendant Gschwend in a state court action before the Kern County Superior Court.

20  Defendant McNally is a clerk of that court, and defendant Brumfield is the Kern County Superior

21  Court Judge who presided over the case before that court.  The state court action appears to have

22

23  [2]  Defendants Gschwend and Kern County have not moved to dismiss the complaint, presumably
    because they have not been served, as the docket reflects.  Because this court does not have
24  subject matter jurisdiction over the complaint, *sua sponte* dismissal is appropriate as to these
    defendants, notwithstanding the fact that they have not yet appeared.  *See Abagninin v. AMVAC*
25  *Chemical Corp.*, 545 F.3d 733, 742–43 (9th Cir. 2008) ("[W]e have upheld dismissal with
    prejudice in favor of a party which had not appeared, on the basis of facts presented by other
26  defendants which had appeared."); *Silverton v. Dep't of Treasury*, 644 F.2d 1341, 1345 (9th Cir.
    1981) ("A [d]istrict [c]ourt may properly on its own motion dismiss an action as to defendants
27  who have not moved to dismiss where such defendants are in a position similar to that of moving
28  defendants.").

1    been a contract dispute related to the rental of a house owned by defendant Gschwend.   It appears

2    that Gschwend rented the home to a Theresa Moore who in turn assigned that lease to others,

3    including the plaintiff in this action, Carl Black.  Defendant Gschwend alleged that he was not

4    being paid the agreed upon rent for the house and eventually regained possession of it through

5    eviction proceedings.  In an action he brought in state court, defendant Gschwend sought the

6    award of damages for past due rent, damage to the property, costs incurred in the eviction

7    proceedings and the award of attorney's fees and costs.

8            Plaintiff's FAC in this federal court action states three claims.  First, plaintiff alleges

9    generally that the summons issued by defendant McNally as Clerk of the Kern County Superior

10   Court was defective and therefore cause a "deprivation of rights under color of law (42 US

11   §1983)."  (Doc. No. 16 at 16.)  Plaintiff cites the Administrative Procedure Act ("APA"), and a

12   number of criminal statutes he cited in his original complaint, including 18 U.S.C. §§ 242, 371,

13   871 *et seq.*, 1341 *et seq.*, and 1512.  (*Id.* at 16–17.)  Plaintiff's second claim suggests that he is

14   contesting the subject matter jurisdiction of the Kern County Superior Court because defendant

15   Van Sciver did not file an affidavit.  (*Id.* at 17–18.)  With respect to this claim of the FAC,

16   plaintiff similarly cites the APA and some of the aforementioned criminal statutes.  (*Id.* at 18–19.)

17   In his third claim, plaintiff simply alleges:

18           For the determination of the ability of right to file
             documents/contracts for relief by the Violation of Title 18 USC
19           § 2071 and HAINES v. KERNER, ET AL. 404 U.S. 519, 92 S.Ct.
             594, 30 L. Ed. 2d 652.  Denial of Contracts "Bills of the Ladings"
20           by the returned/redacted even though they were filed and then had
             the stamps mutilated or crossed out, removing them from the public
21           record **(Exhibit 3)  = Waiver of Clerks immunity**.[3]

22   (*Id.* at 19 (various emphases in original).)  In his FAC plaintiff again cites the APA and several

23   cases in support of this claim, as he did in his original complaint.  (*Id.* at 19–20.)

24           Defendant Van Sciver moves to dismiss plaintiff's FAC pursuant to Rule 12(b)(1) for lack

25   of subject matter jurisdiction and pursuant to Rule 12(b)(6) for failure to state a claim.  (Doc. No.

26   ───────────────────
     [3]  With respect to these allegations, in *Haines v. Kerner*, 404 U.S. 519, 521 (1972), the court held
27   that dismissal of a *pro se* complaint is inappropriate unless it is "beyond doubt that plaintiff can prove
     no set of facts" which would entitle him to relief,  while  18 U.S.C. § 2071 criminalizes the
28   destruction or mutilation of court records.

22-1.)  Defendants Brumfield and McNally move to dismiss plaintiff's FAC pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction, Rule 12(b)(6) for failure to state a claim, and on various immunity grounds.  (Doc. No. 24-1.)  The court concludes it does not have subject matter jurisdiction over this action and that it must be dismissed.

**Legal Standard**

As stated by the court in its prior order, federal courts are courts of limited subject matter jurisdiction.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction."  *Id.* (citations omitted).  "If jurisdiction is lacking at the outset, the district court has no power to do anything with the case except dismiss."  *Morongo Band of Mission Indians v. California State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988) (quotations and citation omitted).  "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).

Aside from cases based on diversity jurisdiction, district courts have original jurisdiction in matters involving questions of federal law.  28 U.S.C. § 1331.  "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citing *Gully v. First Nat'l Bank*, 299 U.S. 109, 112–13 (1936)).  Generally, a federal court has jurisdiction under 28 U.S.C. § 1331 even where some constructions of the statute or law at issue would find the plaintiff does not state a claim for relief.  *Bell v. Hood*, 327 U.S. 678, 685 (1946) ("[T]he right of the petitioners to recover under their complaint will be sustained if the Constitution and laws of the United States are given one construction and will be defeated if they are given another.  For this reason the district court has jurisdiction.").  Only where a claim alleged "clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous" should a complaint be found jurisdictionally deficient.  *Id.* at 682–83.

/////

**Analysis**

Plaintiff's FAC largely repeats legal claims, with no further argument or support for their validity, already alleged in his original complaint which was dismissed by this court.  The court will not revisit these issues or repeat its analysis.  The court discerns only two differences of any potential significance between plaintiff's original complaint and the FAC:  plaintiff's invocation of the Fifth Amendment's due process clause and his assertion of admiralty jurisdiction.  Below, the court addresses those issues.

1.   *Any Due Process Claim is Frivolous*

Plaintiff refers to the Fifth Amendment in several places in his FAC.  (*See* Doc. No. 16 at 2, 4, 13, 19.)  Similar to the original complaint, the FAC does not describe with any clarity how the defendants named in this action are alleged to have violated plaintiff's due process rights guaranteed under the Fifth Amendment.  Plaintiff alleges defendants "blocked all [our] Contracts/Bills of the Ladings to be entered and entered on the record."  (Doc. No. 16 at 14 (alteration in original).)  This allegation may refer to the following passage of plaintiff's FAC:

> Bills of the Lading Act 49 U.S. Code § 80101 (includes a criminal penalty) as in [our] payment-bonds-credits of "good faith" of 1740.00 (Exhibit 4) for entry into the COUNTY OF KERN SUPERIOR COURT and then by having due process violated by the Clerk of the court, Terry McNally = (Postmaster/Carrier/Shipper) that extorted by taking of fees/credits, then by misplacing/miss-delivering and mutilating [our] cargo-contracts-lawsuit (paperwork) (Exhibit 3) in violation of 18 U.S.C. §2071 and the Judge Lorna Hislop Brumfield refusing to acknowledge and prejudiced [us] against filing [our] claims to force proof of subject-matter-jurisdiction relating to case BCV-15-100371 LHB COUNTY OF KERN; = State-Waived-Immunity by breach of trust;

(Doc. No. 16 at 7 (emphases and alterations in original).)  As best the court can glean from the above passage, plaintiff seems to be attempting to allege that he was prevented from doing or filing something in defendant Gschwend's action in the Kern County Superior Court and that violated his right to due process.  It may be that plaintiff sought to deposit approximately $1,740 with the court, and was refused.  Regardless, no cognizable Fifth Amendment claim is stated by these allegations.

/////

5

The Fifth Amendment provides that no person shall be "deprived of life, liberty, or property, without due process of law."  U.S. Const. amend. V.  Generally, the Fifth Amendment's due process clause protects individuals from deprivations caused by the federal government, while the Fourteenth Amendment's analogous clause protects individuals from deprivations caused by the state governments.  *See, e.g.*, *Malloy v. Hogan*, 378 U.S. 1, 8 (1964) (noting the incorporation of the Fifth Amendment's right to silence against the states by saying "[t]he Fourteenth Amendment secures against state invasion the same privilege that the Fifth Amendment guarantees against federal infringement").  Under either clause, it is clear any due process claim plaintiff may be attempting to present in this action is frivolous.

"A procedural due process claim has two distinct elements: (1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections."  *Hufford v. McEnaney*, 249 F.3d 1142, 1150 (9th Cir. 2001) (quoting *Brewster v. Board of Educ. of Lynwood Unified Sch. Dist.*, 149 F.3d 971 (9th Cir. 1998)).  Plaintiff here has not alleged facts sufficient to show he has been deprived of a constitutionally protected liberty or property interest.  In this regard, he has not alleged facts explaining even in a general sense what he was deprived of and how it could be considered a liberty or property interest.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (plaintiff must allege "enough facts to state a claim to relief that is plausible on its face").  Nor do the allegations of plaintiff's FAC explain what procedural protections he was denied in the course of this deprivation, the absence of which violates due process of the law.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").  The FAC does not even allege a theoretical basis for a due process violation.  Therefore, any due process claim that could be read into the complaint now before the court is "wholly insubstantial and frivolous," and the FAC therefore remains jurisdictionally deficient.  *See Bell v. Hood*, 327 U.S. 678, 682–83 (1946).

Alternatively, this court would lack jurisdiction over general allegations of state court error under the *Rooker-Feldman* doctrine, since federal district courts do not have appellate

jurisdiction over state court actions.  *Dubinka v. Judges of Los Angeles Cty. Superior Ct.*, 23 F.3d 218, 221 (9th Cir. 1994).  *See also Noel v. Hall*, 341 F.3d 1148, 1154–56 (9th Cir. 2003) (describing the *Rooker-Feldman* doctrine, which requires a party disappointed by a state court decision to "seek reversal of that decision by appealing to a higher state court," rather than a federal district court).  This court does not sit as an appellate court to review the holdings of the Kern County Superior Court, to the extent plaintiff may be seeking such review.

>        2.        *This Court Also Clearly Does Not Have Admiralty Jurisdiction Over This Action*

Throughout the FAC, plaintiff seeks to invoke admiralty jurisdiction, noting at various points that he is alleging wrongdoing such as "interference of commerce by way of extorting time/labor and credits by use of simulations to gain 'unwarranted-prize' with respect to alleged contracts by bar attorneys and officials who have committed barratry, chicanery, press-ganging and inland piracy."  (Doc. No. 16 at 5.)  Given the court's understanding of the underlying dispute, it undoubtedly does not have admiralty jurisdiction over this action.

A district court has original jurisdiction over "[a]ny civil case of admiralty or maritime jurisdiction."  28 U.S.C. § 1333.  As the Supreme Court has noted:

> Determination of the question whether a tort is 'maritime' and thus within the admiralty jurisdiction of the federal courts has traditionally depended upon the locality of the wrong.  If the wrong occurred on navigable waters, the action is within admiralty jurisdiction; if the wrong occurred on land, it is not.

*Executive Jet Aviation, Inc. v. City of Cleveland*, 409 U.S. 249, 253 (1972).  It is true that this rule changed somewhat as a result of the decision in *Executive Jet*, with the question becoming one of whether the alleged injury arises "in the course of a traditional maritime activity."  *Martinez v. Pacific Indus. Serv. Corp.*, 904 F.2d 521, 522–23 (9th Cir. 1990).  Regardless of the exact bounds of the term "traditional maritime activity," here plaintiff's FAC includes no factual allegations remotely touching on maritime-related activity.  Plaintiff's complaints, whatever they may be, are entirely related to a state court lawsuit concerning a dispute about real property within landlocked Kern County.  Clearly, this court does not have admiralty jurisdiction over plaintiff's complaint.

/////

/////

1

**Conclusion**

2      Plaintiff's due process claim related to unspecified state court procedural errors is "wholly

3   insubstantial and frivolous," and therefore fails to present a federal question affording jurisdiction

4   under 28 U.S.C. § 1331. *Bell*, 327 U.S. at 682–83. Since the court also clearly lacks admiralty

5   jurisdiction over this matter, the court lacks subject matter jurisdiction over this action. The court

6   previously concluded that the granting of leave to amend would likely be futile. (Doc. No. 15 at

7   8.) Now, it is sure of it. Since the court need not allow further futile attempts to amend a

8   complaint, *see California Architectural Bldg. Prod. v. Franciscan Ceramics*, 818 F.2d 1466,

9   1472 (9th Cir. 1988), *Klamath–Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau*, 701 F.2d 1276,

10  1293 (9th Cir. 1983), the defendants' motions to dismiss (Doc. Nos. 22, 24) are granted, and the

11  complaint is dismissed as to all defendants, both those served and those not served, with prejudice

12  and without further leave to amend. Accordingly, the Clerk of the Court is directed to close this

13  case.

14  IT IS SO ORDERED.

15      Dated:   __**November 18, 2016**__            _____

16                                          UNITED STATES DISTRICT JUDGE

17

18

19

20

21

22

23

24

25

26

27

28